RYDER, Acting Chief Judge.
Carlos Miragaya seeks review of a decision of the circuit court, acting in its appellate capacity, reversing a county court order which granted a motion to suppress three video tapes allegedly illegally seized by the Collier County Sheriffs Department. We grant the petition and issue the writ.
After obtaining a card from Miragaya’s store authorizing the rental of video tapes for a twenty-four hour period, two undercover officers entered a back room and randomly selected three video tapes. The officers viewed the three tapes at the Sheriffs Department and made copies. The officers did not make an independent determination that the tapes were obscene, but copied them to preserve evidence to be presented to the state attorney for possible charges. The officers returned the tapes to the store within the twenty-four hour rental period. Subsequently, Miragaya was charged with “Possession of Obscene Motion Film” and “Possession with Intent to Sale/Deliver [sic] an Obscene Motion Film,” in violation of section 847.011(l)(a), Florida Statutes (1991).
In his motion to suppress, Miragaya asserted that by copying the video tapes the officers significantly interfered with his pos-sessory rights in the tapes, the warrantless seizure of the tapes violated his rights under the Fourth Amendment to the Constitution of the United States, and the seizure of the tapes prior to a judicial determination that they are obscene results in significant prior restraint to his rights under the First Amendment to the Constitution of the United States. The county court agreed and entered an order granting the motion to suppress the “illegally seized” video tapes.
The circuit court, acting in its appellate capacity, reversed the county court’s order and remanded, finding that the county court failed to consider Stall v. State, 570 So.2d 257 (Fla.1990), cert. denied, 501 U.S. 1250, 111 S.Ct. 2888, 115 L.Ed.2d 1054 (1991). According to the circuit court, the Stall case is dispositive as it stands for the proposition that there is no right to privacy under the Florida Constitution for a commercial vendor of obscene materials. Id. at 259.
In an opinion on motion for clarification, the circuit court held that in the present case, there had been neither an illegal search, nor an illegal seizure, and thus no violation of the Fourth Amendment or the Florida Constitution. Reasoning that there had been no interference with the owner’s *264 possessory interest because the tapes had been timely returned, the court found that the owner “had voluntarily transferred to the deputy, as part of a commercial transaction, any possessory interest he may have had in the content of the tapes.”
We disagree. To this court’s knowledge, as of the date of this opinion, the video tapes which are at the center of this controversy have never been examined by a neutral magistrate to determine if they are obscene. It appears that the sheriff is attempting to circumvent the requirement that there be an obscenity determination by a judicial officer of any item which is subject to First Amendment protection prior to its seizure. See Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).
We hold that the officer’s act of copying the rented video tapes constitutes a seizure of Miragaya’s property. While it is true that law enforcement officers are allowed to keep a single copy of a video tape or movie for purposes of preserving the evidence; see State v. Johnson, 605 So.2d 545, 548 (Fla. 2d DCA 1992), the lawful retention is dependent upon the issuance of a warrant for the seizure of the item prior to the officers obtaining it. Only when a warrant has been issued is the retention not a prior restraint. See New York v. P.J. Video, Inc., 475 U.S. 868, 873-74, 106 S.Ct. 1610, 1614-15, 89 L.Ed.2d 871 (1986); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).
The copying of the movie onto a blank cassette for the purpose of pursuing a prosecution for distribution of obscene materials without the determination that the movie is obscene is an illegal seizure even when the original cassette is returned to the store owner during the rental period. It is inconsequential whether the cassette which contains the movie belongs to the store owner, or whether the law enforcement officers have purchased a blank cassette onto which the movie has been copied: the item that the store possesses is the thing that is copied onto the tape: the movie.
The circuit court has violated a clearly established principle of law by approving the seizure of items which are subject to First Amendment protection without the prior determination by a neutral magistrate that such items are obscene. Accordingly, we grant the petition, issue the writ, quash the circuit court opinion, and approve the county court’s order suppressing the video tapes.
DANAHY and LAZZARA, JJ., concur.